UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BEST DOCTORS, INC., a Delaware corporation,<br><br>*Defendant.* | Case No. |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kenneth A. Thomas MD, LLC ("Thomas" or "Plaintiff") brings this Class Action Complaint against Defendant Best Doctors, Inc. ("Best Doctors" or "Defendant"), to stop its practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1.      This case challenges Defendant Best Doctors' practice of sending unsolicited faxes to doctors' offices.

2.      The faxes ostensibly invite the doctor-recipient to be included in Defendant's "Best Doctors of America List" by verifying and updating their contact information such as the doctor-recipient's clinic address. But, there are two real reasons that Defendant sends these faxes. First, the faxes advertise the commercial availability and quality of Defendant's

1

"programs and services" including its "Find a Best Doctor™" service in which members request names of Best Doctors who treat their specific condition and who are in their geographic location," and its "virtual medical review service called InterConsultation®." Second, the faxes are a pretext to advertise "Best Doctors" branded merchandise to doctors.

3. Defendant Best Doctors sent the faxes at issue to Plaintiff and the Class despite: (i) having no established business relationship with them; (ii) never receiving the recipients' consent to send them such faxes; and (iii) that none of the faxes sent contained requisite opt-out notices.

4. As such, Defendant's fax advertisements violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

5. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs.

## PARTIES

6. Plaintiff Kenneth A. Thomas MD, LLC is a Connecticut limited liability company with its principal place of business in Stratford, Connecticut.

7. Defendant Best Doctors is a Delaware corporation with its principal place of business in Boston, Massachusetts.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the TCPA, a federal statute for which there is federal question

2

jurisdiction.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action arose and emanated from this District and because Defendant Best Doctors maintains its primary place of business in this District.

**COMMON FACTUAL ALLEGATIONS**

10. Defendant is a for-profit company that sells health programs and services to consumers and organizations, and sells "Best Doctors" branded goods to doctors included in the Best Doctors database.

11. As part of an overall marketing plan to advertise its programs, services, and goods, Best Doctors sends unsolicited faxes to doctors and their organizations.

12. The unsolicited faxes advertise the commercial availability and quality of the Best Doctors "programs and services" Defendant provides to its "members" for a fee built into their employee benefits package or health insurance policy, including Defendant's Find a Best Doctor™ service and its InterConsultation® service.

13. As stated in the fax, the Find a Best Doctor service allows "members [to] request names of Best Doctors who treat their specific condition and who are in their geographic location." Similarly, Best Doctors' "virtual medical review service called InterConsultation®" makes use of the Best Doctors database of physicians.

14. As explained on Best Doctors' website, "[t]he Best Doctors network includes over 50,000 of the world's top medical experts. Each has been designated as among the best by other doctors through an exclusive, Gallup®-certified process."[1] These are the same qualities of the

---

[1] Best Doctors, *How it Works* (https://bestdoctors.com/for-individuals/how-it-works/

3

Find a Best Doctor and InterConsultation service described in Defendant's fax advertisements, which explain "clinicians selected for the newest Best Doctors database … are included based on the result of our extensive, confidential peer review process" and based on Best Doctors' "process … to confirm that [physicians in its newest database] are currently seeing patients [and] to insure the accuracy of [physicians'] information" in Best Doctors' database.

15. In addition to advertising the commercial availability and quality of Best Doctors' programs and services, the faxes also serve as a pretext to advertise Best Doctors branded goods to doctors. The faxes identify Best Doctors' webpage for physicians (http:/bestdoctors.com/for-physicians) that serves only three express purposes: to explain the process for the Best Doctors poll, to sell Best Doctors branded goods, and to respond to questions frequently asked by physicians. The faxes also identify Best Doctors' phone number (800-675-1199). Notably, however, the faxes fail to provide any other information on how to unsubscribe or opt-out of Best Doctors' solicitations, driving the recipients to call the phone number or visit the website.

16. The fax advertisements at issue failed to provide recipients with proper opt-out notice information required by the TCPA and implementing regulations. Specifically, the faxed failed to provide notice identifying a facsimile number and domestic contact telephone number for fax recipients to transmit their opt-out requests.

17. Defendant Best Doctors sends these fax advertisements to individuals and business with which it has no existing business relationship, and without express invitation or permission, in violation of the TCPA.

18. Best Doctors used a telephone facsimile machine, computer, or other device to send the fax advertisements at issue.

---

(last accessed Apr. 19, 2018)).

4

## FACTS SPECIFIC TO PLAINTIFF THOMAS

19. On or about May 16, 2017, Best Doctors used a telephone facsimile machine to send five unsolicited fax advertisements to Plaintiff Thomas. (True and accurate copies of the fax advertisements are attached hereto as Exhibit A).

20. The fax advertisements promoted the commercial availability and quality of Best Doctors' Find a Best Doctor and InterConsultation services and its Best Doctors branded goods.

21. Although Plaintiff corresponded in 2011 and/or 2012 with Defendant regarding its Best Doctors database, at the time Plaintiff received Defendant's five fax advertisements, Plaintiff Thomas had no existing business relationship with Best Doctors, and had never provided it with consent to receive advertisements through any medium, let alone by fax.

22. The fax advertisements failed to contain the required opt-out notice mandated by 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii)-(iv). Specifically, the faxes failed to contain language that identified a facsimile number and telephone number for fax recipients to transmit their opt-out requests.

## CLASS ACTION ALLEGATIONS

23. **Class Definitions:** Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of a Class of similarly situated individuals defined as follows:

> All persons and entities who (1) on or after four years prior to the filing of the initial complaint in this action, (2) received a telephone facsimile advertisement, (3) sent from or on behalf of Best Doctors, and (4) from whom Best Doctors did not have a record of prior express consent to send the facsimile advertisements.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a

5

controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

24.     **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

25.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct.

26.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a)    How Defendant gathered, compiled, or obtained the fax numbers of Plaintiff and the Class;

    b)    Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

    c)    Whether Defendant sent the fax advertisements without first obtaining Plaintiff and the Class's prior express permission or invitation to do so;

and

    d)    Whether Defendant's conduct was willful such that Plaintiff and the Class are entitled to treble damages.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

28. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

29. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

32. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

33. The faxes sent by Defendant advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the TCPA.

34. Defendant sent the fax advertisements at issue to Plaintiff and members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between it and members of the Class.

35. By sending the unsolicited fax advertisements at issue to Plaintiff and members of the Class without their prior express invitation or permission, Defendant violated 47 U.S.C. § 227(b)(1)(C).

36. As a result of Defendant's conduct, Plaintiff and the members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

37. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

38. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's faxes constitute unsolicited advertisements, that they lacked the required opt-out language, and that Defendant sent the faxes without first obtaining prior express invitation or permission of the recipients, and enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

D. An award of statutory damages;

E. An award of pre-judgement interest and costs; and

F.   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                Respectfully Submitted,

                                **KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: May 14, 2018                By:   /s/ Jason Campbell

                                Jason Campbell, Esq.
                                250 First Avenue, Unit 602
                                Charlestown, MA 02129
                                (617) 872-8652
                                jasonrcampbell@ymail.com

                                Avi R. Kaufman*
                                kaufman@kaufmanpa.com
                                Kaufman P.A.
                                400 NW 26th Street
                                Miami, FL 33127
                                Telephone: (305) 469-5881

                                *Attorneys for Plaintiff and the Class*

                                * *Pro Hac Vice* Admission to Be Sought