EXHIBIT D

# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>BEST DOCTORS, INC.,<br><br>    *Defendant*. | Case No. 1:18-cv-10957-DPW |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, COMMENCING SETTLEMENT APPROVAL PROCESS AND SCHEDULING <u>FAIRNESS HEARING</u>**

Plaintiff has filed a Motion for Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Commencing Settlement Approval Process and Scheduling Fairness Hearing. In accordance with Fed. R. Civ. P. 23, the Court has duly considered the papers and exhibits submitted by the parties, and the terms of the Settlement Agreement and Release dated August __, 2019, (the "**Settlement Agreement**"), and good cause having been shown it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the final approval hearing ("**Fairness Hearing**") provided for below. The Court finds that the settlement is sufficiently within the range of reasonableness that notice of the proposed settlement should be given as provided in paragraph 9 of this Order. Defined terms contained in the Settlement Agreement are incorporated herein by reference unless otherwise defined herein.

2. The Court makes a preliminary determination that, for settlement purposes only, the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23. Specifically, the Court finds that:

(a) The Class is ascertainable and so numerous that joinder of all members is impracticable. The Class consists of thousands of class members and the Class Members have been determined by objective means from Defendant's records.

(b) There are questions of law or fact common to the Settlement Class, including whether the Subject Facsimiles violated the Telephone Consumer Protection Act, 47 U.S.C. § 227.

(c) The claims of the proposed class representative are typical of the claims of the Class. The proposed class representative and each member of the proposed Class are alleged to have suffered the same injury caused by the same course of conduct.

(d) Plaintiff has fairly and adequately represented and protected the interests of the Class. Plaintiff is a member of the proposed Class. Neither Plaintiff nor its counsel have any conflicts of interest with the other class members, and Class Counsel has demonstrated that he has adequately represented the Class.

(e) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

(f) A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

3. For purposes of the Settlement Agreement, the Court hereby conditionally certifies the following Class:

> The 7,772 entities or persons that were sent one or more of the Subject Facsimiles, as determined through the Class Data. The Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents,

servants, or employees of Defendant; (3) any of the Released Parties (as defined in Paragraph 10.1); (4) the immediate family of any such person(s); and (5) any Class Member who has timely sought exclusion from the Settlement Agreement.

4.     Pursuant to Fed. R. Civ. P. 23(e), This Court preliminarily approves the Settlement Agreement as, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, for the following reasons:

(a)     Plaintiff and its counsel have fairly and adequately represented the Class.

(b)     The Parties negotiated the Settlement Agreement at arms' length.

(c)     The relief provided for the Class is adequate taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the class, (iii) the terms of the proposed award of attorney's fees and expenses.

(d)     The proposal treats class members equitably relative to each other.

5.     The Court also conditionally approves the plan for distribution of the Net Settlement Amount as fair and equitable.

6.     The Court further conditionally appoints Plaintiff as Class Representative for the Class Members. The Court further conditionally finds that Plaintiff's Counsel, Avi R. Kaufman of Kaufman P.A., has adequately represented the interests of the Class and is hereby appointed as Class Counsel for the Class.

7.     If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, this conditional certification of the Class shall be void, and Defendant shall have reserved all of its rights, including the right to continue to contest class certification and the adequacy of the Class Representative and of Class Counsel.

8.     For purposes of the Settlement Agreement, the Court approves the form and substance of the Direct-Mail Notice attached as Exhibit A, and the Full Notice, attached as Exhibit C to the Settlement Agreement. The Court finds that notice to the Class is necessary and that dissemination of the notice in the manner and form set forth in paragraph 9 of this Order meets the

requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9. For purposes of notice to the members of the Class, the Settlement Administrator shall cause a copy of the Direct-Mail Notice to be sent to Class Members, as provided in the Settlement Agreement. The Settlement Administrator shall also post copies of the Settlement Agreement and the Full Notice on the settlement website, and Defendant shall post a link to the settlement website on its website, http://www.bestdoctors/for-physicians.com. At or before the Fairness Hearing, the Settlement Administrator and/or Defendant shall file proof, by affidavit, of the mailings and online postings ordered above.

10. The Fairness Hearing is hereby scheduled to be held on _____, 2019 (approximately 145 days after Preliminary Approval), at _____ in Courtroom ___ of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210. At such Fairness Hearing, the Court will determine whether the proposed settlement should be approved as fair, reasonable and adequate; and if final approval of the settlement is warranted, the Court will also determine an award of attorneys' fees and expenses to Class Counsel and class representative service award to the Class Representative, direct the entry of final judgment in this action, and dismiss the claim in the lawsuit with prejudice.

11. The Court may adjourn the Fairness Hearing without further mailed notice to the Class Members.

12. For purposes of the Court's final consideration of the Settlement Agreement, any Class Member who has not requested exclusion from the Settlement Class may, but need not, appear at the Fairness Hearing personally or through counsel, provided that an appearance is served and filed as hereinafter provided. Any Class Member, either personally or through counsel, may comment in support of, or in opposition to, any aspect of the proposed settlement, provided that any such notice of appearance, comments and/or objections are detailed in writing and filed with the Clerk of the Court no later than the Bar Date (120 days after Preliminary Approval). A copy of any notice of appearance, written comment and/or objection must also be sent to the Settlement

Administrator. A written objection must include: (i) the name and case number of the Action; (ii) the full name, address, and telephone number of the person objecting; (iii) the facsimile number to which the Subject Facsimile was sent; (iv) a statement of each objection; (v) a written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s); (vi) the identity of all counsel who represent the objector and who may appear at the Fairness Hearing; (vii) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; (viii) a list of all other putative class actions to which the objector has submitted an objection over the last ten (10) years; and (ix) a statement of whether the objector and/or his or her counsel intends to attend the Fairness Hearing; (x) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (xi) the objector's signature (an attorney's signature is not sufficient).

13. Unless the Court otherwise directs for good cause shown, no Class Member, either personally or through counsel, shall be heard or shall be entitled to contest the approval of the terms and conditions of the Settlement Agreement or (if approved) the Final Judgment to be entered thereon, or the award of fees and expenses to Class Counsel, and no papers or briefs submitted by or on behalf of any Class Member shall be received and considered if such notice of appearance, written comments and/or objections are not served and filed as provided herein.

14. All Class Members have the option of excluding themselves from the Class by mailing a timely and valid Request for Exclusion addressed to the Settlement Administrator, postmarked no later than ninety (90) calendar days from the Notice Date (i.e., the Bar Date or 120 days after Preliminary Approval). A Request for Exclusion must set forth: (i) the name and case number that has been assigned to this Action, (ii) the full name, e-mail and mailing address, and telephone number of the person requesting exclusion, (iii) the facsimile number to which the Subject Facsimile was sent, and (iv) a statement that he, she, or it does not wish to participate in the Settlement.

15. If a Request for Exclusion from a Class Member does not include all of the foregoing information, or if it is not timely, it shall not be a valid Request for Exclusion and the Class Member filing such invalid Request for Exclusion shall be a member of the Settlement Class. All persons who properly submit timely and valid Requests for Exclusion from the Settlement Class shall not be members of the Settlement Class and shall have no rights with respect to the Settlement Agreement and no interest in the Settlement Agreement.

16. At or before the Fairness Hearing, the Settlement Administrator shall file an affidavit identifying all persons from whom timely and valid Requests for Exclusion have been received.

17. All motions and papers filed in support of the Settlement Agreement, including any response to objections, if any, shall be filed no later than ten (10) calendar days prior to the Fairness Hearing, except that Class Counsel's application for attorneys' fees and expenses shall be filed no later than 15 days before the Bar Date (i.e. 105 days after Preliminary Approval).

18. All proceedings in the above-captioned case are hereby stayed until such time as the Court renders a decision regarding final approval of the settlement and, if it finally approves the settlement, enters final judgment as provided for in the settlement agreement. However, the Court retains jurisdiction to consider all applications arising out of or in connection with the proposed settlement. The Court may approve the settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

19. Upon approval of the settlement provided for in the Settlement Agreement, the Settlement Agreement, and each and every term and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

20. All reasonable costs incurred in providing notice to the Class, as well as other settlement and administration costs, shall be paid as set forth in the Settlement Agreement, respectively.

21. Any Confidential Information provided to Class Counsel by Defendant or the Settlement Administrator shall be used only for implementation of this Settlement.

SO ORDERED this ___ day of _____, 2019.

_____
Douglas P. Woodlock
United States District Court