## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,

    *Plaintiff*,

*v.*

BEST DOCTORS, INC.,

    *Defendant.*

</td><td>

Case No. 1:18-cv-10957-DPW

</td></tr>
</table>

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Kenneth A. Thomas MD, LLC ("**Plaintiff**" or "**Class Representative**"), individually and in its putative representative capacity as plaintiff on behalf of the Class Members (defined below), Best Doctors, Inc. ("**Defendant**") (Plaintiff and Defendant, collectively, "**Parties**," or singularly, "**Party**"), Greenberg Traurig, LLP, counsel for Defendant, and Kaufman P.A., counsel for Plaintiff, enter into this agreement as of the last date on which the Parties and their counsel fully execute the agreement below.

## SECTION I – RECITALS

**1.1**    WHEREAS, on May 14, 2018, Plaintiff filed the above-captioned action on behalf of itself and a putative class of recipients of the Subject Facsimiles (defined below), pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("**TCPA**") ("**Action**").

**1.2**    WHEREAS, Plaintiff contends that the claims asserted in the Action have merit and Plaintiff has engaged in a thorough investigation of the facts and the law. Based on this evaluation and extensive arm's-length negotiations between the Parties' counsel, Plaintiff and its counsel have determined that the proposed settlement of the disputed claims, as set forth herein, is fair, reasonable, and adequate, as to the Class Members (defined below).

**1.3**    WHEREAS, Defendant has vigorously denied and continues to vigorously deny the claims and contentions asserted in the Action, denies any wrongdoing on its part, and denies any liability to Plaintiff and the Class Members (defined below). Defendant has also conducted a thorough investigation and evaluated the risks and potential cost of litigation of the issues raised in the Action and the benefits of the proposed settlement. Based on its evaluation, Defendant desires to settle the Parties' dispute on the terms and conditions contained herein.

**1.4**    NOW, THEREFORE, for adequate consideration as acknowledged and as set forth herein, it is hereby stipulated and agreed, by and among the Parties, by and through their respective counsel, that: (a) the Parties' dispute shall be finally and fully compromised, settled, and resolved upon final settlement approval by the United States District Court for the District of Massachusetts ("**Court**") after a hearing or hearings as provided for herein; and (b) upon such final approval by the Court, a final order and judgment shall be entered fully and finally resolving the Action upon the terms and conditions set forth herein.

## SECTION II – DEFINITIONS

In addition to terms defined in the preamble and Section I, as well as in other sections of this agreement, the following terms shall have the following meanings.  Some definitions include capitalized terms that are defined later in this section:

**2.1**    "**Approved Fees and Costs**" means the amount of attorneys' fees, costs and expenses approved by the Court at, before, or after the Fairness Hearing.

**2.2**    "**Approved Service Award**" means the amount of the service award for Plaintiff approved by the Court at, before, or after the Fairness Hearing.

**2.3**    "**Bar Date**" means the final date on which the Class Members may file a Request for Exclusion, which shall be ninety (90) calendar days from the Notice Date, unless otherwise provided by the Court.

**2.4**    "**Class Counsel**" means Avi R. Kaufman of the law firm of Kaufman, P.A.

**2.5**    "**Class Data**" means data relating to the 7,772 Class Members who, according to Defendant's records, may have received one or more of 13,425 Subject Facsimiles during the period from May 14, 2014 to present.  The Class Data shall be treated as Confidential Information.

**2.6**    "**Class**" and "**Class Members**" mean the 7,772 entities or persons that were sent the Subject Facsimiles, as determined through the Class Data.  The Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties (as defined in Paragraph 10.1); (4) the immediate family of any such person(s); and (5) any Class Member who has timely sought exclusion from this Settlement.

**2.7**    "**Confidential Information**" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree to protect from disclosure and dissemination to the public or any person or entity other than the Settlement Administrator.  Confidential Information will be provided only to the Settlement Administrator unless provided herein.

**2.8**    "**Defendant's Counsel**" means David G. Thomas of the law firm of Greenberg Traurig, LLP.

**2.9** "**Direct-Mail Notice**" means the "postcard" legal notice summarizing the settlement terms contained herein, as approved by the Court and to be sent to the Class Members as set forth herein by regular mail.  The form of Direct-Mail Notice agreed upon by the Parties, subject to Court approval and/or modification, is attached as **Exhibit A.**

**2.10** "**Effective Date**" means the date on which the Final Order and Judgment in the Action becomes Final.

**2.11** "**Fairness Hearing**" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Judgment fully and finally resolving the Action; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; and (c) ruling upon an application by Class Counsel for an award of the Unopposed Fees and Costs and the Unopposed Service Award (as defined in Section IV).

**2.12** "**Final**" means (a) if no objections to the Settlement are filed, or if any objections are filed and voluntarily withdrawn prior to the entry of the Final Order and Judgment, the date of the entry of the Final Order and Judgment; or (b) if any objections are filed and not voluntarily withdrawn prior to the entry of the Final Order and Judgment, the later of (i) the expiration of the time to file or notice any appeal or move for reargument from the Court's judgment approving this Settlement Agreement, or (ii) the date of final affirmance of any appeals therefrom.

**2.13** "**Final Order and Judgment**" means the final judgment of the Court approving the Settlement.  The form of order agreed upon by the Parties, subject to Court approval and/or modification, is attached as **Exhibit B**.

**2.14** "**Full Notice**" means the legal notice of the proposed settlement terms, as approved by the Court, to be provided to the Class Members as set forth herein.  The form of Full Notice agreed upon by the Parties, subject to Court approval and/or modification, is attached as **Exhibit C**.

**2.15** "**Notice**" collectively refers to the Direct-Mail Notice and Settlement Website-based Full Notice.

**2.16** "**Notice and Administrative Costs**" means the reasonable costs and expenses (authorized by the Court and approved by Class Counsel and Defendant's Counsel) of disseminating the Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with maintaining the Settlement Fund, sending Notice (including notice under the Class Action Fairness Act), assisting the Class Members, Settlement Class Members and counsel, escrowing funds, handling Requests for Exclusion, issuing and mailing the settlement payments, complying with tax and escheat law and regulations, or otherwise effectuating the terms and conditions of this Settlement Agreement.

**2.17** "**Notice Date**" means the date that the Notice is sent to the Class Members as set forth herein.  The Notice Date shall be no later than thirty (30) calendar days after the Preliminary Approval Order enters, unless otherwise provided by the Court.

**2.18** "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and conditionally certifying the Class, as approved by the Court. The form of order agreed upon by the Parties, subject to Court approval and/or modification, is attached as **Exhibit D**.

**2.19** "**Request for Exclusion**" means the process by which Class Members may elect not to be part of the Settlement, as further described in Section VIII.

**2.20** "**Settlement**" means the settlement of this Action as described in this Settlement Agreement.

**2.21** "**Settlement Administrator**" means Kurtzman Carson Consultants, or another mutually agreeable settlement administrator.

**2.22** "**Settlement Agreement**" means this Settlement Agreement and Release.

**2.23** "**Settlement Class Member**" means any Class Member who does not submit a proper Request for Exclusion by the Bar Date.

**2.24** "**Settlement Website**" means a website established by the Settlement Administrator for the purposes of providing the Class Members with the Full Notice and other information as set forth herein.

**2.25** "**Subject Facsimile**" means the facsimiles sent by or on behalf of Defendant (a) concerning the intended recipient's potential inclusion or listing in a Best Doctors database or the Best Doctors in America List; (b) concerning the intended recipient's review of Best Doctors inclusion data; (c) asking the intended recipient to confirm that they are currently seeing patients; and (d) directing the intended recipient to http://bestdoctors.com/for-physicians for information concerning Defendant between May 14, 2014 to present. As determined through the Class Data, there are 13,425 such facsimiles.

### SECTION III – CHANGE IN PRACTICE; SETTLEMENT AMOUNT; SETTLEMENT FUND

**3.1** **Change in Practice.** Defendant shall not send the Subject Facsimiles again without obtaining prior express invitation or permission from the facsimile recipients. Should Defendant send the Subject Facsimiles again, Defendant shall include a statement on the facsimiles that the facsimiles are not intended to be an advertisement and only seek to provide notification of a recipient's nomination as a "Best Doctor" and to confirm certain information. Defendant shall remove any disclosures about contacting "Best Doctors" in the future about other services. Also, Defendant will include an opt-out notice as set forth in the TCPA.

**3.2** **Settlement Amount.** Defendant shall make $738,375.00 available to fund the Settlement, which shall include amounts for (i) all payments to be made to Settlement Class Members, (ii) Notice and Administrative Costs, (iii) the Approved Fees and Costs, and (iv) the Approved Service Award ("**Settlement Amount**"). The Settlement Amount will be deposited in a bank account controlled by the Settlement Administrator to be distributed as described in Section V. Except for its own attorneys' fees, costs, and expenses, Defendant shall not bear any other fees,

costs, or expenses arising out of the Settlement unless otherwise agreed by the Parties in a written amendment to the Settlement Agreement, and approved by the Court.  If a Class Member files a Request for Exclusion, the Settlement Amount will be reduced by the value of that Class Member's putative gross pro-rata portion of the Settlement Amount, as determined by multiplying the number of Subject Facsimiles the Class Member received (based on the Class Data) by $55.00.   All amounts attributed to Class Members who file Requests for Exclusion shall be distributed to Defendant as provided herein.

**3.3    Settlement Fund.**  Within five (5) calendar days after the Effective Date, the Settlement Administrator shall open a non-interest-bearing account with Defendant for the purpose of paying the Settlement Amount as provided in Section V ("**Settlement Fund**"), which shall be held in a trust created pursuant to the laws of the Commonwealth of Massachusetts with Defendant being the settlor and the Settlement Administrator acting as trustee.  Within five (5) calendar days of the Settlement Fund being established and Defendant's receipt of the Settlement Administrator's properly completed and executed IRS Form W-9 and any other tax information requested by Defendant, Defendant shall transfer the Settlement Amount into the Settlement Fund. The Settlement Administrator shall not invest any funds from the Settlement Fund or take any action to generate income from the Settlement Fund, and Defendant shall have no right, entitlement, responsibility, financial obligation, or liability with respect to the use, administration, or distribution of the Settlement Amount or with respect to the Settlement Fund, except as otherwise expressly provided herein or as required by law.  The Settlement Administrator will be responsible for all tax withholding and reporting obligations of any payments made from the Settlement Fund, including any reporting required on IRS Form 1099, if any, for distributions made from the Settlement Fund as provided in Section V.

### SECTION IV – ATTORNEYS' FEES, COSTS, AND EXPENSES; SERVICE AWARD

**4.1    Arm's-Length and Separate Negotiations.**  The Parties negotiated and reached full agreement on the material terms of the Settlement before reaching agreement regarding Class Counsel's attorneys' fees, costs, and expenses and any service award for the Class Representative. At no time did the Parties condition the relief afforded herein to Settlement Class Members on payment of any fees, costs, or expenses to Class Counsel or a service award to the Class Representative.

**4.2    Approved Fees and Costs.**  Defendant shall not oppose Class Counsel's request for attorneys' fees of up to $246,125.00 and reimbursement of all documented and reasonable costs and expenses of up to $10,000.00 ("**Unopposed Fees and Costs**"), which shall be subject to Court approval.  The Approved Fees and Costs shall be paid exclusively out of the Settlement Fund and be shared pro rata by the Settlement Class Members.  Class Counsel will not seek any amount more than the Unopposed Fees and Costs and, in any event, Class Counsel agrees that Defendant and the Settlement Administrator shall not pay, or be obligated to pay, more than the Unopposed Fees and Costs from the Settlement Fund or otherwise.  If the Unopposed Fees and Costs are reduced by the Court or any appellate court, the Settlement Administrator will pay Class Counsel the reduced amount as provided herein from the Settlement Fund.  Also, the Unopposed Fees and Costs will be reduced pro rata based on the amount of fees attributed to any Class Member who excludes themselves from the Settlement as set forth above.  Class Counsel shall provide the

Settlement Administrator with a fully completed and executed IRS Form W-9 and any other required tax information and forms within five (5) calendar days after the Effective Date. Payment of the Approved Fees and Costs shall be made to Class Counsel by wire (based on instructions provided by Class Counsel) at the time the Individual Awards (defined in Paragraph 5.3) are distributed to the Settlement Class Members as provided in Section V.

      **4.3    Release by Class Counsel.** Upon payment of the Approved Fees and Costs, the Released Parties (defined in Paragraph 10.1(a)) will forever and finally have satisfied any and all of their obligations to Class Counsel, if any, concerning payment of attorneys' fees, costs, and expenses in the Action and with respect to the Settlement, and the Released Parties will forever and finally be absolved, released, and discharged of any liability whatsoever to Class Counsel, if any, concerning attorneys' fees, costs, and expenses in the Action and with respect to the Settlement. Under no circumstances will Class Counsel bring any claims against the Released Parties for, because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees, costs, and expenses made in accordance with this Settlement Agreement, and Class Counsel releases the Released Parties from any and all claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees, costs, and expenses made in accordance with this Settlement Agreement.

      **4.4    Approved Service Award.** Defendant agrees not to oppose Class Counsel's application for a service award for the Class Representative in the amount of $5,000 ("**Unopposed Service Award**"), which shall be subject to Court approval. The Plaintiff agrees that it shall not petition the Court for more than $5,000.00 in total for a service award. The Approved Service Award shall be paid exclusively out of the Settlement Fund and be shared pro rata by the Settlement Class Members. Class Counsel will not seek any amount more than the Unopposed Service Award and, in any event, Class Counsel agrees that Defendant and the Settlement Administrator shall not pay, or be obligated to pay, more than Unopposed Service Award from the Settlement Fund or otherwise. If the Unopposed Service Award is reduced by the Court or any appellate court, the Settlement Administrator will pay the Plaintiff the reduced amount as provided herein from the Settlement Fund. Plaintiff shall provide the Settlement Administrator with a fully completed and executed IRS Form W-9 and any other required tax information and forms within five (5) calendar days after the Effective Date. Payment of the Approved Service Award shall be made to Plaintiff by check sent by overnight mail to Plaintiff's address (to be provided by Class Counsel) at the time the Individual Awards (defined in Paragraph 5.3) are distributed to Settlement Class Members as provided in Section V.

**SECTION V– DISTRIBUTIONS FROM THE SETTLEMENT FUND**

      **5.1    Types of Distributions.** The Settlement Administrator shall be authorized to make the following distributions from the Settlement Fund:

      **(a)**    Payments by check of the Individual Awards to the Settlement Class Members as provided in Paragraphs 5.2 and 5.3;

      **(b)**    Payment of the Approved Fees and Costs, as provided in Paragraph 4.2;

      **(c)**    Payment of the Approved Service Award, as provided in Paragraph 4.4;

    **(d)**      Payment to an agreed-to charity , as provided in Paragraph 5.4; and

    **(e)**      Payment of Notice and Administrative Costs.

    **5.2**    **Net Settlement Amount.**  Within ten (10) business days after the Effective Date, the Parties and the Settlement Administrator shall jointly determine the net settlement amount due to Settlement Class Members by subtracting from the Settlement Amount, (i) the Approved Fees and Costs Award, (ii) the Approved Service Award, and (iii) the Notice and Administrative Costs ("**Net Settlement Amount**").  Defendant and the Settlement Administrator shall also determine the specific portion of the Net Settlement Amount to be paid to each Settlement Class Member by dividing the Net Settlement Amount by 13,425 and then multiplying that amount by the number of Subject Facsimiles received by each Settlement Class Member (based on the Class Data) ("**Individual Awards**").  Defendant will provide Class Counsel with a certification describing how the Individual Awards were calculated prior to finalizing the Individual Awards.

    **5.3**    **Distribution of the Net Settlement Amount to Settlement Class Members.**  The Settlement Administrator shall distribute the Net Settlement Amount by mailing each Settlement Class Member a check in the amount of the respective Individual Awards no later than forty-five (45) calendar days after the Effective Date.  Checks will be mailed by the Settlement Administrator to the last known mailing address the Settlement Administrator identifies through its standard practices when sending Notice.   Checks shall be valid for 180 days.   If the Settlement Administrator receives any checks returned as undeliverable by the United States Postal Service, the Settlement Administrator will use reasonable efforts to locate the current address of the Settlement Class Member and re-mail the check accordingly.  The Settlement Administrator shall not be required to send a check by mail to any Settlement Class Member whose last known street address, as updated through the National Change of Address registry, is determined to be undeliverable pursuant to one of the following mailing codes:  F (foreign move, no new address available), G (postal box closed, no new address available), or K (move, left no forwarding address).

    **5.4.**    **Unclaimed Monies.**  Any (i) checks made payable to Settlement Class Members returned as undeliverable and (ii) monies represented by checks never sent because the Settlement Class Member's last known street address, as updated through the National Change of Address registry, was determined to be undeliverable, as described in Paragraph 5.3 or Paragraph 7.3(b), respectively, or (iii) those checks that are not negotiated within 180 days as provided herein, shall be distributed by the Settlement Administrator to a charitable organization mutually agreed by the Parties.

    **5.5.**    **Exclusion Requests.**  Any pro rata amounts that were to be paid to Class Members who properly sought exclusion from the Settlement pursuant to Paragraph 8.1 shall be returned to Defendant by the Settlement Administrator within forty-five (45) calendar days after the Effective Date.

    **5.6.**    **Anti-Waiver/Release.**  Nothing contained herein shall in any way affect any obligation owed by the Settlement Class Members to Defendant pursuant to the terms and conditions of any prior or existing relationships between the Settlement Class Members and Defendant.

SECTION VI – VERIFICATION OF CLASS MEMBERS AND CONFIRMATORY DISCOVERY

**6.1     Class Member List and Class Data.**  Within seven (7) business days after the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with a list of the Class Members and their last known addresses as well as the number of Subject Facsimiles each Class Member received, as determined through the Class Data.  The Settlement Administrator will maintain this as Confidential Information.  Class Counsel shall have access to the information contained on this list should Class Counsel have a need to know the information in the context of administering the settlement, *e.g.*, should a Class Member contact Class Counsel with questions about the Settlement or an Individual Award.  The Settlement Administrator shall provide Class Counsel with any such information no later than two (2) business days of Class Counsel's written request.  Any such information provided to Class Counsel by the Settlement Administrator shall be used only for implementation of this Settlement.

**6.2     Confirmatory Discovery.**  Within thirty (30) calendar days after the Court's entry of the Preliminary Approval Order, Defendant will produce documents and a sworn declaration to support its contention that whether Class Members gave prior permission or invitation to receive information by facsimile is subject to individualized inquiries, as well as case law in support of same.

SECTION VII – PRELIMINARY APPROVAL,
SETTLEMENT ADMINISTRATION, AND NOTICE

**7.1     Preliminary Approval.**  As soon as practicable after this Settlement Agreement is fully executed, for settlement purposes only, the Parties agree that the Plaintiff and Class Counsel should request the Court to make preliminary findings, enter the Preliminary Approval Order granting conditional certification of the Class, subject to final findings and ratification in the Final Order and Judgment, and appoint the Plaintiff as Class Representative and Class Counsel as counsel for the Class.  Such requests will be filed with the Court no later than August 30, 2019.  Neither Defendant nor Defendant's Counsel will object to these requests for the purposes of effectuating the Settlement.  Such agreement not to object to class certification shall extend only as necessary to effectuate the Settlement.  As set forth in the draft Preliminary Approval Order, the Plaintiff shall request the Court to enter an order:

(a)     preliminarily approving and finding the Settlement Agreement and Settlement as being fair, reasonable, and adequate;

(b)     conditionally certifying the Action as a settlement class action under Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure;

(c)     appointing Plaintiff as class representative and Class Counsel as counsel for the Class;

(d)     preliminarily approving the form, manner, and content of the Direct-Mail Notice and Full Notice, and finding that Notice is fair, reasonable, and the best notice practicable under the circumstances in connection with notifying the Class Members of their rights and responsibilities under the Settlement Agreement and satisfying due process and Rule 23 of the Federal Rules of Civil Procedure;

(e)    directing Class Counsel to submit an application for payment of the Unopposed Fees and Costs and Unopposed Service Award no later than fifteen (15) calendar days before the Bar Date;

(f)    appointing the Settlement Administrator as settlement administrator to send Notice and administer the Settlement;

(g)    providing that Class Members will have until the Bar Date to object to or file a request for exclusion from the Settlement;

(h)    establishing dates by which all papers in support of the motion for final approval of the Settlement and/or any response to any valid and timely objections shall be filed and served;

(i)    preliminarily approving the form of the Final Order and Judgment;

(j)    providing that all Settlement Class Members will be bound by the Final Order and Judgment fully and finally resolving the Action on the terms and conditions contained herein;

(k)    staying all proceedings against Defendant until the Court renders a final decision on approval of the Settlement;

(l)    enjoining Settlement Class Members from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims (defined in Paragraph 10.1(a)); and

(m)    setting the date and time of the Fairness Hearing, subject to the availability of the Court, Plaintiff, Class Counsel, and Defendant's Counsel, which date may be continued without necessity of further mailed notice to the Class Members.

Unless otherwise agreed to by the Parties in writing, Class Counsel shall provide Defendant's Counsel with drafts of the moving papers requesting preliminary approval for review at least five (5) calendar days before the papers are filed. Defendant shall be permitted, but not required, to file its own memorandum in support of preliminary approval.

**7.2   Settlement Administrator.** The Settlement Administrator shall administer the Settlement as described herein and as approved by the Court, and perform such other functions as ordered by the Court or approved by mutual agreement of the Parties, including the following: (i) sending Notice; (ii) establishing and maintaining the Settlement Website (described in Paragraph 7.3(a)); (iii) establishing and maintaining a post office box for objections and exclusion requests; (iv) establishing and maintaining an automated toll-free telephone line for Class Members to call with settlement-related inquires and answering questions Class Members may have about the Settlement or directing questions to Class Counsel, as appropriate; (v) responding to mailed inquiries about the Settlement or directing inquiries to Class Counsel for a response, as appropriate; (vi) providing weekly reports to Class Counsel and Defendant's Counsel summarizing objections and requests for exclusion received, which reports may be disclosed by Class Counsel to the Court; (vii) providing the identity of Class Members who objected to or properly excluded themselves

from the Settlement; (viii) working with Defendant to establish the Settlement Fund and providing distributions to Settlement Class Members; (ix) providing Defendant with properly completed and executed tax forms or other appropriate tax information; (x) timely making all necessary elections, withholdings, and reporting to comply with any federal or state law governing taxes or unclaimed property; and (xi) performing any other or additional functions as set forth herein or as requested by the mutual agreement of the Parties. Any additional functions that do not materially alter the administration of the Settlement, as approved by the Court in the Preliminary Approval Order or Final Order and Judgment, need not be approved by the Court or explained to Class Members through additional notice.

**7.3     Notice.** Prior to sending Direct-Mail Notice, the Settlement Administrator shall conduct a National Change of Address Update to verify the mailing addresses for the Class Members. Thereafter, the Settlement Administrator will provide the Class Members with notice of the Settlement as follows:

(a)     **Settlement Website**. By the Notice Date (or after submission to the Court as to (v) and (vi) below), the Settlement Administrator will have created and then will maintain the Settlement Website to contain (i) the Complaint, (ii) the Settlement Agreement, (iii) the Preliminary Approval Order, (iv) the Full Notice, (v) Class Counsel's application for attorneys' fees, costs, and expenses, (vi) Class Counsel's application for a service award for the Plaintiff, and (vii) any other information to which the Parties may mutually agree. Defendant will also include a link to the Settlement Website on its own website page www.bestdoctors/for-physicians.com as of the Notice Date. The Settlement Website and link contained on Defendant's website shall be disabled thirty (30) days after the Net Settlement Amount is distributed.

(b)     **Direct-Mail Notice**. On the Notice Date, the Settlement Administrator shall send the Direct-Mail Notice. The Settlement Administrator shall not be required to send such Direct-Mail Notice to any Class Member whose last known street address, as updated through the National Change of Address registry, is determined to be undeliverable pursuant to one of the following mailing codes: F (foreign move, no new address available), G (postal box closed, no new address available), or K (move, left no forwarding address).

(c)     **Full Notice**. On the Notice Date, the Settlement Administrator will publish the Full Notice on the Settlement Website.

**7.5.     Class Action Fairness Act Notice.** The Settlement Administrator will provide the notice required by 28 U.S.C. § 1715 within ten (10) calendar days of Class Counsel's submission of the Settlement Agreement to the Court for preliminary approval.

## SECTION VIII – EXCLUSIONS/OBJECTIONS

**8.1     Requests for Exclusion.** Class Members may elect not to be part of the Settlement and not to be bound by the Settlement Agreement as follows:

(a)    **Election**.  To make this election, a Class Member must send a letter to the Settlement Administrator postmarked no later than the Bar Date, which is signed personally by the Class Member and provides:  (i) the name and case number that has been assigned to this Action; (ii) the full name, e-mail and mailing address, and telephone number of the person requesting exclusion; (iii) the facsimile number to which the Subject Facsimile was sent; and (iv) a statement that he, she, or it does not wish to participate in the Settlement.

(b)    **Exclusion List**.  The Settlement Administrator shall serve on Class Counsel and Defendant's Counsel a list of Class Members who have timely and validly excluded themselves from the Settlement no later than ten (10) calendar days after the Bar Date.

(c)    **Termination**.  If more than ten percent (10%) of Class Members request exclusion, Defendant may, in its sole discretion, within fifteen (15) calendar days after the Bar Date, notify Class Counsel and the Court in writing that Defendant has elected to terminate this Settlement Agreement.  If this Settlement Agreement is terminated, the Action will revert to the status described in Paragraph 9.3 below.

8.2    **Objections.**  Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, Unopposed Fees and Costs, or Unopposed Service Award must file on or before the Bar Date a written objection with the Court and deliver the objection to the Settlement Administrator as follows:

(a)    **Form and Notice**.  A written objection must include:  (i) the name and case number of the Action; (ii) the full name, address, and telephone number of the person objecting; (iii) the facsimile number to which the Subject Facsimile was sent; (iv) a statement of each objection; (v) a written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s); (vi) the identity of all counsel who represent the objector and who may appear at the Fairness Hearing; (vii) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; (viii) a list of all other putative class actions to which the objector has submitted an objection over the last ten (10) years; (ix) a statement of whether the objector and/or his or her counsel intends to attend the Fairness Hearing; (x) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (xi) the objector's signature (an attorney's signature is not sufficient).

(b)    **Appearance at Fairness Hearing**.  Any Settlement Class Member who submits a timely objection as set forth above in Paragraph 8.2(a) may appear at the Fairness Hearing with or without counsel at the Settlement Class Member's own expense. If a Settlement Class Member is represented by counsel, such counsel must file a Notice of Appearance with the Court and serve a copy of the Notice of Appearance on the Settlement Administrator, Class Counsel, and Defendant's Counsel no later than fifteen (15) calendar days before the Fairness Hearing.

(c) **Waiver**. Any Settlement Class Member who fails to comply with the provisions of Paragraph 8.2(a) and (b) will not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

## SECTION IX – FINAL APPROVAL

**9.1 Motion for Final Approval.** The Plaintiff must apply for Court approval of the Final Order and Judgment no later than fifteen (15) calendar days before the Fairness Hearing, which application shall request final approval of the Settlement Agreement, the Unopposed Attorney's Fees and Costs, and the Unopposed Service Award. Unless otherwise agreed to by the Parties in writing, Class Counsel shall provide Defendant's Counsel with drafts of the moving papers requesting final approval for review at least five (5) calendar days before the motion is filed. Defendant shall be permitted, but not required, to file its own memorandum in support of final approval.

**9.2 Final Order and Judgment.** Among other terms mutually agreed by the Parties and approved by the Court, the Final Order and Judgment shall enter a final judgment:

(a) determining that the Settlement is fair, reasonable, and adequate;

(b) certifying the Action as a settlement class action under Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure;

(c) determining that the Notice provided by the Settlement Administrator satisfied due process and Rule 23 of the Federal Rules of Civil Procedure so as to bind the Settlement Class Members and fully and finally resolve the Action;

(d) permanently enjoining Settlement Class Members from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims (as defined in Paragraph 10.1(a));

(e) retaining exclusive jurisdiction over the Parties, the Settlement Fund, the Settlement Class Members, and all objectors to enforce the Settlement Agreement and Final Order and Judgment according to their terms; and

(f) closing the Action according to the Court's standard procedures.

**9.3 Status if Settlement is Not Approved.** This Settlement Agreement is being entered into for settlement purposes only. If the Court denies the Motion for Preliminary Approval or the Motion for Final Approval of the Settlement Agreement or declines to enter the Final Order and Judgment, or if the Effective Date does not occur for any reason (including any reversal of the Final Order and Judgment by an appellate court or remand wherein the material terms herein are not reinstated), then this Settlement Agreement and the Settlement will be deemed null and void *ab initio*. In that event: (a) the Preliminary Approval Order, Final Order and Judgment, and any other order post-dating preliminary approval of the Settlement and all of their provisions will be vacated including, but not limited to, the conditional certification of the Class, conditional

12

appointment of Plaintiff as Class Representatives, and conditional appointment of Plaintiff's counsel as Class Counsel; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date, subject to entry of a modified scheduling order (wherein the Parties will consent to afford the Parties sufficient time to complete discovery and for Defendant to move for summary judgment), and the Parties shall not have waived any of their claims or defenses; (c) no term or draft of this Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect, be admissible into evidence, or be subject to discovery for any purpose in the Action or any other proceeding; (d) Defendant shall retain all of its rights to object to the maintenance of the Action as a class action; and (e) all amounts provided by Defendant to the Settlement Administrator to create the Settlement Fund will be returned to Defendant within five (5) calendar days of the Settlement Agreement being deemed null and void (except for Notice and Administrative Costs incurred to date).

### SECTION X– RELEASES, ACKNOWLEDGMENTS, AND WAIVERS

**10.1** **Releases and Acknowledgments.** Upon entry of the Final Order and Judgment, Plaintiff and the Settlement Class Members, and each of their respective present, future, and former advisors, agents, affiliates, assigns, attorneys, directors, consultants, contractors, divisions, distributors, employees, independent contractors, insurers, joint ventures, managers, members, officers, parents, partners, personal representatives, predecessors, predecessors-in-interest, privities, related entities, representatives, resellers, shareholders, subsidiaries, successors, successors-in-interest, retailers, and wholesalers, or heirs, legatees, next-of-kin, representatives, beneficiaries, successors, and assigns, as applicable ("**Releasing Parties**") hereby:

(a)     release, acquit, and forever discharge Defendant, and each of its respective present, future, and former advisors, agents, affiliates, assigns, attorneys, directors, consultants, contractors, divisions, distributors, employees, independent contractors, insurers, joint ventures, managers, members, officers, parents, partners, personal representatives, predecessors, predecessors-in-interest, privities, related entities, representatives, resellers, shareholders, subsidiaries, successors, successors-in-interest, retailers, and wholesalers ("**Released Parties**"), from any and all manner of accounts, actions, agreements, attorneys' fees, bills, bonds, causes of action, charges, claims, contracts, controversies, costs, covenants, damages, debts, demands, dues, executions, expenses, extents, interest, judgments, losses, liabilities, obligations, penalties, promises, reckonings, remedies, rights, suits, sums of money, trespasses, and variances, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, common law or statutory (such as any violations of the TCPA or any state or federal analogy or unfair or deceptive practices act) which they have or may have from the beginning of the world to the Effective Date arising out of or relating to the claims that are alleged in the Action (and for the avoidance of doubt, the Action and this Settlement concern claims arising out of or relating to the Subject Facsimiles and not any other aspect of Defendant's interactions with the Class Members) ("**Released Claims**" or "**Defendant Release**");

13

    **(b)**    acknowledge, represent, covenant, and warrant that the obligations imposed by the Defendant Release shall be forever binding, and that the Defendant Release may not be modified, amended, annulled, rescinded, or otherwise changed unless in writing signed and notarized by duly authorized representative of Defendant to which the modification, amendment, annulment, rescission, or change applies, and which writing expressly refers to the Defendant Release and this Settlement Agreement;

    **(c)**    acknowledge, represent, covenant, and warrant that they have not made any assignment of any right, claim, or cause of action covered by the Defendant Release to any individual, corporation, or any other legal entity whatsoever;

    **(d)**    acknowledge, represent, covenant, and warrant that they have full power, competence, and authority to execute and deliver the Defendant Release; and

    **(e)**    acknowledge, represent, covenant, and warrant, to the extent the Defendant Release may be deemed a general release, that the Releasing Parties waive and release any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code which provides that "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS A CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS [OR HER] FAVOR AT THE TIME OF EXECUTING A RELEASE, WHICH IF KNOWN BY HIM [OR HER] MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**" or any other similar federal or state law.

    **10.2**    **Acknowledgment and Waiver of Unknown or Different Facts.**  Upon entry of the Final Order and Judgment, the Releasing Parties acknowledge, represent, covenant, and warrant that (i) they fully understand the facts on which the Settlement Agreement is executed may be different from the facts now believed by them and their counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts that later may be discovered; and (ii) they hereby waive any right or ability to challenge the Settlement upon the discovery of any new facts, any additional Released Claims, or a change in the law regardless of why or how such facts, claims, or law was/were not otherwise known to them prior to executing and agreeing to this Settlement Agreement.

## SECTION XI – BEST EFFORTS

    **11.1**    The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement and administration of the claims hereunder, including, without limitation, by seeking or not objecting to preliminary and final Court approval of this Settlement Agreement and the Settlement embodied herein, by carrying out the terms of this Settlement Agreement, and by promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

    **11.2**    The Parties and their counsel understand and agree that the administration of a class action lawsuit can be complex and that, from time to time after the entry of the Final Order and

Judgment, unique, non-material issues with respect to individual Class Members may arise that are not directly covered by the terms of this Settlement Agreement. In the event any such non-material issues arise, the Parties and their counsel agree to cooperate fully with one another and to use their respective best efforts to come to agreement, which agreement shall not be unreasonably withheld.

**11.3** Any requests for cooperation shall be narrowly-tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court and to carry out its terms.

## SECTION XII– ADDITIONAL PROVISIONS

**12.1 Compromise of Disputed Claims; Defendant's Denial of Wrongdoing.** This Settlement Agreement reflects the Parties' compromise and settlement of disputed claims. Its provisions and all related drafts, communications, discussions, and any material provided by Defendant during the Parties' negotiations cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person or entity and cannot be offered or received into evidence in any other action or proceeding as evidence of an admission or concession, except as necessary to enforce the Settlement Agreement. Defendant expressly denies (a) all liability, culpability, and wrongdoing with respect to the Action and matters alleged therein and (b) that the Action could be certified and maintained as a class action under Federal Rule of Civil Procedure 23 or other state rule of procedure or law other than by way of settlement.

**12.2 Change of Time Periods.** All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court without further mailed notice to the Class Members.

**12.3 Real Parties-in-Interest.** In executing this Settlement Agreement, the Parties warrant and represent that they, including Plaintiff in its representative capacity on behalf of the Class Members, and, to the best of its knowledge, the Class Members, are the only persons having any interest in the claims asserted in the Action, including the Released Claims.

**12.4 Voluntary Agreement.** The Parties execute this Settlement Agreement voluntarily and without duress or undue influence. The Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective counsel, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their counsel, and that the terms and conditions of this document are fully understood and voluntarily accepted.

**12.5 Entire Agreement.** This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**12.6 Construction and Interpretation.** Neither Party nor any of the Parties' respective counsel will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between

them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**12.7    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or with respect to the scope of this Settlement Agreement.

**12.8    Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and the Settlement and are incorporated into this Settlement Agreement as though fully set forth in the Settlement Agreement.

**12.9    Modifications and Amendments.**  No amendment, change, or modification to this Settlement Agreement will be valid unless in writing and signed by the Parties or their respective counsel.

**12.10   Governing Law.**  This Settlement Agreement is governed by the law of the Commonwealth of Massachusetts and must be interpreted under the state law and without regard to conflict of laws principles.

**12.11   Further Assurances.**  The Parties must execute and deliver any additional papers, documents, and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

**12.12   Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement or the Final Order and Judgment entered in the Action.

**12.13   No Waiver.**  The waiver by a Party of any breach of this Agreement by the other Party shall not be deemed or construed as a waiver of any other breach, whether prior to, after, or contemporaneous with the execution of this Settlement Agreement or during administration of the Settlement, as approved by the Court.

**12.14   Jurisdiction.**  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice program and the Settlement Administrator.  As part of their respective agreements to render services in

connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

**12.15   Independent Investigation.** The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

**12.16   Advice of Counsel.**  Each Party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement and the Release, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

**12.17   Execution Date.**  This Settlement Agreement is deemed executed on the last date the Settlement Agreement is signed by all the undersigned.

**12.18   No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**12.18   Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitute one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies or electronic versions of executed copies of this Settlement Agreement may be treated as originals.

**12.19   Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**12.20  Severability.**  If any provision of this Settlement Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement Agreement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt in good faith to renegotiate the Settlement Agreement or, if that proves unavailing, either Party may terminate the Settlement Agreement without prejudice to any Party.

**IN WITNESS WHEREOF,** the Parties hereto, by and through their respective counsel, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the dates set forth below.

**BEST DOCTORS, INC.**

By: _____
Title:

**KENNETH A. THOMAS MD, LLC,** individually and in its
representative capacity for the Class Members

By:  Kenneth A. Thomas
Title:  Managing Member

**GREENBERG TRAURIG, LLP,** as Defendant's Counsel

By:  David G. Thomas
Title:  Shareholder

**KAUFMAN P.A.,** as Class Counsel and counsel for the Plaintiff

By:  Avi R. Kaufman
Title:  Shareholder

**12.20    Severability.**  If any provision of this Settlement Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement Agreement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt in good faith to renegotiate the Settlement Agreement or, if that proves unavailing, either Party may terminate the Settlement Agreement without prejudice to any Party.

**IN WITNESS WHEREOF,** the Parties hereto, by and through their respective counsel, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the dates set forth below.

**BEST DOCTORS, INC.**

By: *ADAM VANDERVOORT*
Title: *CHIEF LEGAL COUNSEL*

**KENNETH A. THOMAS MD, LLC,** individually and in its representative capacity for the Class Members

By:  Kenneth A. Thomas
Title:  Managing Member

**GREENBERG TRAURIG, LLP,** as Defendant's Counsel

By:  David G. Thomas
Title:  Shareholder

**KAUFMAN P.A.,** as Class Counsel and counsel for the Plaintiff

By:  Avi R. Kaufman
Title:  _____

**EXHIBIT A**

---

### Attention Best Doctors, Inc.'s Facsimile Recipients

You might be a Class Member in a lawsuit entitled *Kenneth A. Thomas MD, LLC v. Best Doctors, Inc.*, Case No.: 1-18-cv-10957-DPW ("**Action**"), pending in the United States District Court for the District of Massachusetts ("**Court**"). You are a Class Member if, during the period between May 14, 2014 to present, you received facsimiles sent by or on behalf of Best Doctors, Inc. ("**Best Doctors**") (a) concerning the intended recipient's potential inclusion or listing in a Best Doctors database or the Best Doctors in America List; (b) concerning the intended recipient's review of Best Doctors inclusion data; (c) asking the intended recipient to confirm that they are currently seeing patients; and (d) directing the intended recipient to http://bestdoctors.com/for-physicians for information concerning Best Doctors ("**Subject Facsimile**"). The following persons are excluded from the Class: (1) the trial judge presiding over this case; (2) Best Doctors, as well as any parent, subsidiary, affiliate, or control person of Best Doctors, and the officers, directors, agents, servants, or employees of Best Doctors; (3) any of the Released Parties; (4) the immediate family of any such person(s); and (5) any Class Member who has timely sought exclusion from the Settlement Agreement.

A proposed settlement of the Action has been reached ("**Settlement Agreement**"). If you are a Class Member, the proposed Settlement Agreement will affect your legal rights. Plaintiff Kenneth A. Thomas MD, LLC ("**Plaintiff**") alleges that Best Doctors violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("**TCPA**") by sending the Subject Facsimiles. Best Doctors denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability. The parties, however, have reached a proposed settlement of the lawsuit and have determined that the settlement is in the best interests of the parties and the Class. The settlement, this notice, and a more detailed "Full Notice of Class Action Settlement Agreement" ("**Full Notice**") containing other important information have been preliminarily approved by the Court.

Provided that the Settlement Agreement becomes a Final Order and Judgment, Best Doctors has agreed not send the Subject Facsimiles again without obtaining prior express invitation or permission from the facsimile recipients. Should Best Doctors send the Subject Facsimiles again, Best Doctors will include a statement on the facsimiles that the facsimiles are not intended to be an advertisement and only seek to provide notification of a recipient's nomination as a "Best Doctor" and to confirm certain information. Best Doctors will remove any disclosures about contacting "Best Doctors" in the future about other services. Also, Best Doctors will include an opt-out notice as set forth in the TCPA. In addition, Best Doctors has agreed to make $738,375.00 available to fund the Settlement Agreement, which shall include amounts for (i) all payments to be made to Settlement Class Members, (ii) Notice and Administrative Costs, (iii) the Approved Fees and Costs, and (iv) the Approved Service Award ("**Settlement Amount**"). The Settlement Amount will be deposited in a bank account controlled by the Settlement Administrator to be distributed as described in the Settlement Agreement. Subject to Court approval, Plaintiff's Counsel will apply to the Court for (i) an award of attorneys' fees, costs, and expenses and (ii) an incentive award for the Plaintiff. Best Doctors has agreed not to oppose an application an application for attorneys' fees of up to $246,125.00, reimbursement of all documented and reasonable costs and expenses of up to $10,000.00, and an application for an incentive award to Plaintiff of $5,000.

If you are a Class Member, you may (1) accept the settlement, (2) object to the settlement, or (3) "opt-out" of the settlement. If you chose to accept the terms of the settlement, you are not required to do anything. The Settlement Administrator will automatically distribute the Net Settlement Amount by mailing each Settlement Class Member a check in the amount of the respective Individual Awards no later than forty-five (45) calendar days after the Effective Date. If you object to the settlement, you must file a written objection by _____ (the "**Bar Date**") with the Office of the Clerk of the Court, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, and deliver the objection to the Settlement Administrator. If you opt to exclude yourself from the settlement, you must send a written request to the Settlement Administrator by the Bar Date. Objections and exclusion requests must contain the information specified in Section VIII of the Settlement Agreement. Subject to final approval by the Court, if you accept the terms of the Settlement Agreement or do not exclude yourself you will be bound by the terms of the Settlement Agreement, including a release of Best Doctors and others of various claims. The Court will hold a Fairness Hearing on _____ in Courtroom ___, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to determine: (1) whether the Settlement Agreement is fair, reasonable and adequate and should receive final approval; and (2) whether the applications for the Approved Fees and Costs and Approved Service Award should be granted.

To obtain a copy of the Settlement Agreement, the Full Notice, and other related documents, you may: (1) call the Settlement Administrator at _____, (2) mail a written request for such information, including your name and address to: Settlement Administrator, _____, or (3) download the information at www._____.com.

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

KENNETH A. THOMAS MD, LLC, a
Connecticut limited liability company,
individually and on behalf of all others
similarly situated,

       *Plaintiff*,

*v.*

BEST DOCTORS, INC.,

       *Defendant.*

Case No. 1:18-cv-10957-DPW

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARD**

THIS MATTER comes before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement and For Entry of a Final Judgment concerning the Settlement Agreement and Release, dated August __, 2019 (the "**Settlement Agreement**"), Plaintiff's Motion For Award Of Attorneys' Fees And Expenses And Class Representative Service Award (the "**Motions**"); and the Court, having entered an order on _____, 2019, granting preliminary approval to the settlement and conditionally certifying the following Class:[1]

> The 7,772 entities or persons that were sent one or more of the Subject Facsimiles, as determined through the Class Data.  The Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties (as defined in Paragraph 10.1); (4) the immediate family of any such person(s); and (5) any Class Member who has timely sought exclusion from the Settlement Agreement.

The Court, having further directed that notice be given to the Class of the proposed settlement and of a final hearing scheduled to determine whether the proposed settlement should be approved as fair, reasonable, and adequate, and to consider the Motions, and to hear any

---

[1] The terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

objections to any of these matters (the "**Fairness Hearing**"); having duly considered the Settlement Agreement and the exhibits attached thereto; having considered all of the submissions and arguments with respect to the Motions; and having held the Fairness Hearing and considered the submissions and arguments made in connection therewith, the Court hereby FINDS as follows:

1.      That the notice to the Class Members, including but not limited to the form and substance of the notice and the means of giving notice to the Class Members, has been given in an adequate and sufficient manner and constitutes the best notice practicable, complying in all respects with the requirements of Fed. R. Civ. P. 23 and due process.

2.      That, pursuant to Fed. R. Civ. P. 23, and for purposes of this settlement only:

(a)      The Class is ascertainable and so numerous that joinder of all members is impracticable.  The Class consists of thousands of class members and the Class Members have been determined by objective means from Defendant's records.

(b)      There are questions of law or fact common to the Settlement Class, including whether the Subject Facsimiles violated the Telephone Consumer Protection Act, 47 U.S.C. § 227.

(c)      The claims of the proposed class representative are typical of the claims of the Class.  The proposed class representative and each member of the proposed Class are alleged to have suffered the same injury caused by the same course of conduct.

(d)      Plaintiff has fairly and adequately represented and protected the interests of the Class.  Plaintiff is a member of the proposed Class.  Neither Plaintiff nor its counsel have any conflicts of interest with the other class members, and Class Counsel has demonstrated that he has adequately represented the Class.

(e)      The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

(f)      A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the settlement substantially benefits both the

litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

3.      That, pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, for the following reasons:

(a)      Plaintiff and its counsel have fairly and adequately represented the Class;

(b)      The Parties negotiated the Settlement Agreement at arms' length;

(c)      The relief provided for the Class is adequate taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorney's fees and expenses.

(d)      The proposal treats class members equitably relative to each other.

4.      That the plan for distribution of the Net Settlement Amount is fair and equitable. The Settlement Administrator shall perform the distribution to Class Members following the process set forth in Section V of the Settlement Agreement without further order of this Court.

5.      That Class Members have been given due and adequate notice of the Settlement Agreement.

6.      That the number of objectors is [**INSERT ON OBJECTIONS OR NO OBJECTIONS**].

7.      That the Court has held a hearing to consider the fairness, reasonableness and adequacy of the respective proposed settlement, has been advised of all objections to such settlements, and has given fair consideration to such objections.   [**INSERT ON ANY OBJECTIONS**]

8.      That a class representative service award in the amount of $_____ payable to Plaintiff is approved as fair and reasonable.

9.      That, having considered Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and, considering the percentage of the fund, Class Counsel's lodestar, the quality of

3

representation provided and the results obtained, as well as a number of other factors, Class Counsel is awarded attorneys' fees of $_____$, reimbursement of costs and expenses of $_____$, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating and settling this action.

10.     That all payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Settlement Amount, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Settlement Agreement.

11.     That, accordingly, the Court hereby finally APPROVES the proposed settlement as reflected in the Settlement Agreement, the respective terms of which, including but not limited to the releases, are hereby incorporated by reference as though fully set forth herein.

The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.     Immediately upon entry of this Final Judgment by the Clerk, this action shall be closed according to the Court's standard practices.

2.     The provisions of this Final Judgment are applicable to and binding upon, and inure to the benefit of each party to this Action, including each of Defendant and Defendant's predecessors, successors and assigns, Plaintiff Kenneth A. Thomas MD, LLC and each Settlement Class Member.

3.     The Parties are hereby directed to take all actions required under the terms and provisions of the Settlement Agreement.

4.     To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities,

agreements, costs, expenses or losses arising out of or relating to the claims released under the Settlement Agreement.

5.      All persons who are Settlement Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

6.      The provisions of this Final Judgment are entered as a result of an agreement of the Parties.  The Settlement Agreement and this Final Judgment are not intended to be, and shall not be construed as, any admission, express or implied, of any fault, liability or wrongdoing by Defendant.

7.      The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Judgment, the Final Approval Order, and any order relating to attorneys' fees or class representative award.

8.      No just reason exists for delay in entering this Final Judgment.

SO ORDERED this ___ day of _____, 2019.


                              _____
                              Douglas P. Woodlock
                              United States District Judge

EXHIBIT C

**FULL NOTICE OF CLASS ACTION SETTLEMENT**

**BEST DOCTORS TCPA SETTLEMENT**

*Kenneth A. Thomas MD, LLC v. Best Doctors, Inc.,*
United States District Court for the District of Massachusetts
Case No.: 1-18-cv-10957-DPW

**<u>FULL NOTICE OF CLASS ACTION SETTLEMENT AGREEMENT</u>**

**ATTENTION**: If you received facsimiles sent by or on behalf of Best Doctors, Inc. ("Best Doctors") between May 14, 2014 to present (a) concerning the intended recipient's potential inclusion or listing in a Best Doctors database or the Best Doctors in America List; (b) concerning the intended recipient's review of Best Doctors inclusion data; (c) asking the intended recipient to confirm that they are currently seeing patients; and (d) directing the intended recipient to http://bestdoctors.com/for-physicians for information concerning Defendant, this Notice informs you of a proposed class action Settlement Agreement that could affect your legal rights and could provide you with an Individual Award.  PLEASE REVIEW THIS NOTICE FULLY AND CAREFULLY.  A Court authorized this Notice. This is not a solicitation from a lawyer.

| | THIS NOTICE ANSWERS THE FOLLOWING QUESTIONS: |
|---|---|

1.  What is this lawsuit about, and why should I read this Notice? ..................................Pages 1-2

2.  Why and how is this lawsuit proceeding as a Class Action, and do I have a lawyer if I am a Class Member?..................................................................................................................Page 2

3.  How do I know if I am a "Class Member," and are there any exclusions? .....................Page 2

4.  What does the proposed settlement provide?............................................................Pages 2-3

5.  What are my options? ....................................................................................................Pages 3-4

6.  What rights am I giving up if I do not exclude myself from the settlement? ..................Page 4

7.  When and where will the Court decide whether to approve the settlement?...................Page 4

8.  Where can I get additional information? ........................................................................Page 4

| | 1.  WHAT IS THE LAWSUIT ABOUT AND WHY SHOULD I READ THIS NOTICE? |
|---|---|

There is a class action lawsuit entitled *Kenneth A. Thomas MD, LLC v. Best Doctors, Inc.*, Case No.: 1-18-cv-10957-DPW ("**Action**")*,* pending in the United States District Court for the District of Massachusetts ("**Court**") that may affect your legal rights.  The plaintiff is Kenneth A. Thomas MD, LLC ("**Plaintiff**").  The Action alleges that Best Doctors, Inc. ("**Defendant**") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("**TCPA**") by sending facsimiles between May 14, 2014 to present (a) concerning the intended recipient's potential inclusion or listing in a Best Doctors database or the Best Doctors in America List; (b) concerning the intended recipient's review of Best Doctors inclusion data; (c) asking the intended recipient to confirm that they are currently seeing patients; and (d) directing the intended recipient to http://bestdoctors.com/for-physicians for information concerning Best Doctors ("**Subject Facsimiles**").  Defendant denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.  The parties, however, have reached a proposed settlement of the Action ("**Settlement Agreement**") and believe that the Settlement Agreement is in the best interests of the parties and the Class Members.  The Settlement Agreement and this Full Notice

have been preliminarily approved by the Court.  You have a right to know about the Settlement Agreement and about your options before the Court decides whether to finally approve the Settlement Agreement. This Full Notice explains the Settlement Agreement, your legal rights, what benefits are available, who is eligible for those benefits, and how the benefits will be distributed if approved by the Court.

## 2.  WHY AND HOW IS THIS LAWSUIT PROCEEDING AS A CLASS ACTION, AND DO I HAVE A LAWYER IF I AM A CLASS MEMBER?

In a class action lawsuit, one or more plaintiffs assert claims on behalf of all others who allegedly are similarly situated but who are not named plaintiffs to the lawsuit (a "**Class**").  A court needs to approve whether the lawsuit will proceed as a class action, *i.e.*, whether the plaintiff(s) will be appointed as a Class representative(s) to adjudicate the claims on behalf of all members of the Class.  On _____, 2019, the Court entered an Order preliminarily approving the Settlement Agreement, conditionally certifying the Action as a class action for settlement purposes only, and ordering that notice be sent to Class Members (defined below) to inform them of, among other things, the Court's intention to consider whether to finally approve the Settlement Agreement as being fair, reasonable and adequate.  The Court also appointed Plaintiff as representative of, and Avi R. Kaufman of Kaufman P.A. as counsel to, the Class Members ("**Class Counsel**").  Finally, the Court appointed KCC Class Action Services, LLC to administer the Settlement Agreement ("**Settlement Administrator**").

## 3.  HOW DO I KNOW IF I AM A "CLASS MEMBER," AND ARE THERE ANY EXCLUSIONS?

If you received a Direct-Mail Notice summarizing the Settlement Agreement by first-class mail, Best Doctors' records reflect you have received one or more of the Subject Facsimiles ("**Class Members**").  Only Class Members are being offered an Individual Award, as set forth in the Settlement Agreement.  Specifically excluded from the Class: (1) the trial judge presiding over this case; (2) Best Doctors, as well as any parent, subsidiary, affiliate, or control person of Best Doctors, and the officers, directors, agents, servants, or employees of Best Doctors; (3) any of the Released Parties (as defined in Paragraph 10.1 of the Settlement Agreement); (4) the immediate family of any such person(s); and (5) any Class Member who has timely sought exclusion from the Settlement Agreement.

## 4.  WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?

Subject to the Court's approval, Best Doctors has agreed not send the Subject Facsimiles again without obtaining prior express invitation or permission from the facsimile recipients. Should Best Doctors send the Subject Facsimiles again, Best Doctors will include a statement on the facsimiles that the facsimiles are not intended to be an advertisement and only seek to provide notification of a recipient's nomination as a "Best Doctor" and to confirm certain information. Best Doctors will remove any disclosures about contacting "Best Doctors" in the future about other services.  Also, Best Doctors will include an opt-out notice as set forth in the TCPA.  In addition, Best Doctors agrees to make $738,375.00 available to fund the Settlement Agreement, which shall include amounts for (i) all payments to be made to Settlement Class Members, (ii) Notice and Administrative Costs, (iii) the Approved Fees and Costs, and (iv) the Approved Service Award ("**Settlement Amount**").  The Settlement Amount will be deposited in a bank account controlled by the Settlement Administrator to be distributed as described in the Settlement Agreement. Within ten (10) business days after the Effective Date, the Parties and the Settlement Administrator shall jointly determine the net settlement amount due to Settlement Class Members by subtracting from the Settlement Amount, (i) the Approved Fees and Costs Award, (ii) the Approved Service Award, and (iii) the Notice and Administrative Costs ("**Net Settlement Amount**").  Defendant and the Settlement Administrator shall also determine the specific portion of the Net Settlement

Amount to be paid to each Settlement Class Member by dividing the Net Settlement Amount by 13,425 and then multiplying that amount by the number of Subject Facsimiles received by each Settlement Class Member ("**Individual Awards**").  Subject to Court approval, Plaintiff's Counsel will apply to the Court for (i) an award of attorneys' fees, costs and expenses and (ii) an incentive award for the Plaintiff.  Best Doctors has agreed not to oppose an application for attorneys' fees of up to $246,125.00, reimbursement of all documented and reasonable costs and expenses of up to $10,000.00, and an application for an incentive award to the Plaintiff of $5,000.

## 5.  WHAT ARE MY OPTIONS?

**Option 1:**   <u>**You may accept the Settlement**</u>.

If you want to accept the Settlement Agreement, you need not do anything.  Subject to the Court's approval, you will automatically receive the benefits of the Settlement Agreement due to you.  You will be considered a Settlement Class Member, you will receive an Individual Award, you will be bound by the Court's decisions and judgment, and you will lose the right to bring any action against Best Doctors on your own concerning the claims being released pursuant to the Settlement Agreement.

**Option 2:**   <u>**You may exclude yourself from the Settlement**</u>.

To exclude yourself from the Settlement and retain your own rights to bring a separate action against Best Doctors, you must mail a letter stating that you want to be excluded from the Settlement Agreement in the Action.  Please remember to include (i) the name and case number that has been assigned to this Action; (ii) the full name, e-mail and mailing address, and telephone number of the person requesting exclusion; (iii) the facsimile number to which the Subject Facsimile was sent; and (iv) a statement that he, she, or it does not wish to participate in the Settlement. **You must mail your valid exclusion request, postmarked no later than _____ (the "Bar Date") to the Settlement Administrator at _____.  If you mail a timely and valid request for exclusion, you will not receive an Individual Award, and you may not object to the Settlement Agreement.  If you want to remain eligible to participate in the Settlement Agreement as a Settlement Class Member, you should NOT file a request for exclusion.  The judgment entered by the Court will bind all Settlement Class Members who do not properly request exclusion.**

**Option 3:**   <u>**You may object to the Settlement**</u>.

If you do not wish to exclude yourself from the Settlement Agreement, you may – but need not – object to it.   **To do so, you must file a written objection with the Court and deliver the objection to the Settlement Administrator by no later than the Bar Date.**  Include: (i) the name and case number of the Action; (ii) the full name, address, and telephone number of the person objecting; (iii) the facsimile number to which the Subject Facsimile was sent; (iv) a statement of each objection; (v) a written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s); (vi) the identity of all counsel who represent the objector and who may appear at the Fairness Hearing; (vii) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; (viii) a list of all other putative class actions to which the objector has submitted an objection over the last ten (10) years; (ix) a statement of whether the objector and/or his or her counsel intends to attend the Fairness Hearing; (x) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (xi) the objector's signature (an attorney's signature is not sufficient).

**COURT**
Clerk of the Court
U.S. District Court for the
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

**SETTLEMENT ADMINISTRATOR**
KCC Class Action Services, LLC
[Address]

Objections will be heard by the Court at the Fairness Hearing. You may appear at the Fairness Hearing with or without counsel. If you enter an appearance at the Fairness Hearing through counsel, you will be responsible for retaining such counsel and paying any fee charged by such counsel. You do not need to appear at the Fairness Hearing for the Court to consider your objection.

## 6. WHAT RIGHTS AM I GIVING UP IF I DO NOT EXCLUDE MYSELF FROM THE SETTLEMENT?

Unless you exclude yourself from the Settlement Agreement, upon final approval of the Settlement Agreement by the Court at the Fairness Hearing, the Action will be fully and finally resolved and each and every Settlement Class Member will grant a full and final release to Best Doctors for any and all claims arising out of or relating to the claims that are alleged in the Action. A full version of the release and description of the released claims may be viewed on the settlement website referenced above or by contacting the Settlement Administrator.

## 7. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to determine, among other things, the fairness, reasonableness, and adequacy of the Settlement on _____, 2019, at _____ in Courtroom __, of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210 ("**Fairness Hearing**"). Class Counsel will file a motion for the Court to approve Class Counsel's Fees and the service award to Plaintiff on or before _____, which the Court also will consider at the Fairness Hearing. Defendant has agreed not to oppose such awards to Class Counsel and to the Plaintiff. Upon filing, the motion and supporting documents will be posted on the settlement website, www._____.com. You need not come to the Fairness Hearing, as Class Counsel will answer any questions that the Court may have at the Fairness Hearing. If you have filed a timely written objection, the Court will consider it. If you file a timely objection, you may attend the fairness hearing with or without your own lawyer. If you retain a lawyer to attend the Fairness Hearing, you must pay your own lawyer. If the Court declines to approve the Settlement Agreement, there will be no Individual Awards issued. If the Court approves the Settlement Agreement, Individual Awards will be distributed according to the timeline approved in the Court's Final Order and Judgment. Even if the Court approves the Settlement Agreement at the Fairness Hearing, there may be appeals that could delay distribution of Individual Awards, perhaps for more than a year.

## 8. WHERE CAN I GET ADDITIONAL INFORMATION?

Additional details about the Settlement are available on www._____.com or by contacting the Settlement Administrator at _____. A complete collection of information, including copies of the pleadings, records and other papers on file in the Action, is also available during regular business hours at the Office of the Clerk, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210. **PLEASE DO NOT CALL THE COURT OR BEST DOCTORS FOR ADDITIONAL INFORMATION.**

**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 1:18-cv-10957-DPW |
| *v.* | |
| BEST DOCTORS, INC., | |
| *Defendant.* | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, COMMENCING SETTLEMENT APPROVAL PROCESS AND SCHEDULING <u>FAIRNESS HEARING</u>

Plaintiff has filed a Motion for Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Commencing Settlement Approval Process and Scheduling Fairness Hearing. In accordance with Fed. R. Civ. P. 23, the Court has duly considered the papers and exhibits submitted by the parties, and the terms of the Settlement Agreement and Release dated August __, 2019, (the "**Settlement Agreement**"), and good cause having been shown it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.       The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the final approval hearing ("**Fairness Hearing**") provided for below. The Court finds that the settlement is sufficiently within the range of reasonableness that notice of the proposed settlement should be given as provided in paragraph 9 of this Order. Defined terms contained in the Settlement Agreement are incorporated herein by reference unless otherwise defined herein.

2.      The Court makes a preliminary determination that, for settlement purposes only, the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23.  Specifically, the Court finds that:

(a)     The Class is ascertainable and so numerous that joinder of all members is impracticable.  The Class consists of thousands of class members and the Class Members have been determined by objective means from Defendant's records.

(b)     There are questions of law or fact common to the Settlement Class, including whether the Subject Facsimiles violated the Telephone Consumer Protection Act, 47 U.S.C. § 227.

(c)     The claims of the proposed class representative are typical of the claims of the Class.  The proposed class representative and each member of the proposed Class are alleged to have suffered the same injury caused by the same course of conduct.

(d)     Plaintiff has fairly and adequately represented and protected the interests of the Class.  Plaintiff is a member of the proposed Class.  Neither Plaintiff nor its counsel have any conflicts of interest with the other class members, and Class Counsel has demonstrated that he has adequately represented the Class.

(e)     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

(f)      A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

3.      For purposes of the Settlement Agreement, the Court hereby conditionally certifies the following Class:

The 7,772 entities or persons that were sent one or more of the Subject Facsimiles, as determined through the Class Data.  The Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents,

2

servants, or employees of Defendant; (3) any of the Released Parties (as defined in Paragraph 10.1); (4) the immediate family of any such person(s); and (5) any Class Member who has timely sought exclusion from the Settlement Agreement.

4.　　Pursuant to Fed. R. Civ. P. 23(e), This Court preliminarily approves the Settlement Agreement as, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, for the following reasons:

(a)　　Plaintiff and its counsel have fairly and adequately represented the Class.

(b)　　The Parties negotiated the Settlement Agreement at arms' length.

(c)　　The relief provided for the Class is adequate taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the class, (iii) the terms of the proposed award of attorney's fees and expenses.

(d)　　The proposal treats class members equitably relative to each other.

5.　　The Court also conditionally approves the plan for distribution of the Net Settlement Amount as fair and equitable.

6.　　The Court further conditionally appoints Plaintiff as Class Representative for the Class Members.  The Court further conditionally finds that Plaintiff's Counsel, Avi R. Kaufman of Kaufman P.A., has adequately represented the interests of the Class and is hereby appointed as Class Counsel for the Class.

7.　　If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, this conditional certification of the Class shall be void, and Defendant shall have reserved all of its rights, including the right to continue to contest class certification and the adequacy of the Class Representative and of Class Counsel.

8.　　For purposes of the Settlement Agreement, the Court approves the form and substance of the Direct-Mail Notice attached as Exhibit A, and the Full Notice, attached as Exhibit C to the Settlement Agreement.  The Court finds that notice to the Class is necessary and that dissemination of the notice in the manner and form set forth in paragraph 9 of this Order meets the

requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.      For purposes of notice to the members of the Class, the Settlement Administrator shall cause a copy of the Direct-Mail Notice to be sent to Class Members, as provided in the Settlement Agreement.  The Settlement Administrator shall also post copies of the Settlement Agreement and the Full Notice on the settlement website, and Defendant shall post a link to the settlement website on its website, http://www.bestdoctors/for-physicians.com.  At or before the Fairness Hearing, the Settlement Administrator and/or Defendant shall file proof, by affidavit, of the mailings and online postings ordered above.

10.     The Fairness Hearing is hereby scheduled to be held on _____, 2019 (approximately 145 days after Preliminary Approval), at _____ in Courtroom ___ of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210.  At such Fairness Hearing, the Court will determine whether the proposed settlement should be approved as fair, reasonable and adequate; and if final approval of the settlement is warranted, the Court will also determine an award of attorneys' fees and expenses to Class Counsel and class representative service award to the Class Representative, direct the entry of final judgment in this action, and dismiss the claim in the lawsuit with prejudice.

11.     The Court may adjourn the Fairness Hearing without further mailed notice to the Class Members.

12.     For purposes of the Court's final consideration of the Settlement Agreement, any Class Member who has not requested exclusion from the Settlement Class may, but need not, appear at the Fairness Hearing personally or through counsel, provided that an appearance is served and filed as hereinafter provided.  Any Class Member, either personally or through counsel, may comment in support of, or in opposition to, any aspect of the proposed settlement, provided that any such notice of appearance, comments and/or objections are detailed in writing and filed with the Clerk of the Court no later than the Bar Date (120 days after Preliminary Approval).  A copy of any notice of appearance, written comment and/or objection must also be sent to the Settlement

4

Administrator.  A written objection must include: (i) the name and case number of the Action; (ii) the full name, address, and telephone number of the person objecting; (iii) the facsimile number to which the Subject Facsimile was sent; (iv) a statement of each objection; (v) a written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s); (vi) the identity of all counsel who represent the objector and who may appear at the Fairness Hearing; (vii) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; (viii) a list of all other putative class actions to which the objector has submitted an objection over the last ten (10) years; and (ix) a statement of whether the objector and/or his or her counsel intends to attend the Fairness Hearing; (x) any and all agreements that relate to the objection or the process of objecting—whether written or oral— between objector or objector's counsel and any other person or entity; and (xi) the objector's signature (an attorney's signature is not sufficient).

13.     Unless the Court otherwise directs for good cause shown, no Class Member, either personally or through counsel, shall be heard or shall be entitled to contest the approval of the terms and conditions of the Settlement Agreement or (if approved) the Final Judgment to be entered thereon, or the award of fees and expenses to Class Counsel, and no papers or briefs submitted by or on behalf of any Class Member shall be received and considered if such notice of appearance, written comments and/or objections are not served and filed as provided herein.

14.     All Class Members have the option of excluding themselves from the Class by mailing a timely and valid Request for Exclusion addressed to the Settlement Administrator, postmarked no later than ninety (90) calendar days from the Notice Date (i.e., the Bar Date or 120 days after Preliminary Approval).  A Request for Exclusion must set forth: (i) the name and case number that has been assigned to this Action, (ii) the full name, e-mail and mailing address, and telephone number of the person requesting exclusion, (iii) the facsimile number to which the Subject Facsimile was sent, and (iv) a statement that he, she, or it does not wish to participate in the Settlement.

15.     If a Request for Exclusion from a Class Member does not include all of the foregoing information, or if it is not timely, it shall not be a valid Request for Exclusion and the Class Member filing such invalid Request for Exclusion shall be a member of the Settlement Class. All persons who properly submit timely and valid Requests for Exclusion from the Settlement Class shall not be members of the Settlement Class and shall have no rights with respect to the Settlement Agreement and no interest in the Settlement Agreement.

16.     At or before the Fairness Hearing, the Settlement Administrator shall file an affidavit identifying all persons from whom timely and valid Requests for Exclusion have been received.

17.     All motions and papers filed in support of the Settlement Agreement, including any response to objections, if any, shall be filed no later than ten (10) calendar days prior to the Fairness Hearing, except that Class Counsel's application for attorneys' fees and expenses shall be filed no later than 15 days before the Bar Date (i.e. 105 days after Preliminary Approval).

18.     All proceedings in the above-captioned case are hereby stayed until such time as the Court renders a decision regarding final approval of the settlement and, if it finally approves the settlement, enters final judgment as provided for in the settlement agreement.  However, the Court retains jurisdiction to consider all applications arising out of or in connection with the proposed settlement.  The Court may approve the settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

19.     Upon approval of the settlement provided for in the Settlement Agreement, the Settlement Agreement, and each and every term and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

20.     All reasonable costs incurred in providing notice to the Class, as well as other settlement and administration costs, shall be paid as set forth in the Settlement Agreement, respectively.

21.     Any Confidential Information provided to Class Counsel by Defendant or the Settlement Administrator shall be used only for implementation of this Settlement.

SO ORDERED this ___ day of _____, 2019.

_____
Douglas P. Woodlock
United States District Court